[No. 7827.   Decided July 15, 1909.]

J. R. Francis, *Appellant*, v. Spokane Amateur Athletic Club, *Respondent*.[1]

Corporations — Representation by Officers — Employment of Servants—Notice of Authority. Where the by-laws of a corporation empowered the board of trustees, alone, to employ servants and assistants, a custom to allow the manager to make an oral contract of hire of a clerk, with weekly or monthly wage payments and without fixing the term, is not sufficient to authorize the manager to hire a clerk for a period of 26 weeks, when the clerk had actual knowledge of the extent of the manager's authority.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered May 15, 1908, upon findings in favor of the defendant, in an action on contract, after a trial before the court without a jury.   Affirmed.

*Fred Miller* and *F. W. Girard*, for appellant.

*Samuel R. Stern*, for respondent.

Fullerton, J.—On December 24, 1907, one M. J. Leary, who was then acting as manager of the respondent corporation, entered into a contract with the appellant by the terms of which he purported to hire the appellant on behalf of the corporation as office clerk for a period of 26 weeks, at $20 per week, with extra pay for night service; the services to commence on February 1, 1908.   The appellant entered upon the service at about the time stipulated and continued therein until February 21, 1908, when he was discharged by a new manager who had succeeded Leary on the 10th of the month.   The appellant was paid in full for the services actually rendered, but conceived himself injured by the breach of the contract, and brought this action to recover therefor.

The respondent defended on the ground that the contract was one which Manager Leary had no authority to make, a

[1]Reported in 102 Pac. 1032.

fact known to both the appellant and Leary at the time the contract was entered into. The case was tried by the court sitting without a jury, and resulted in findings sustaining the respondent's contention. From the judgment entered thereon, this appeal was taken.

The by-laws of the appellant, as well as its articles of incorporation, vested the management of its affairs and busi- ness exclusively in a board of trustees, who alone were empowered to "employ and discharge such servants and assist- ants" as they should deem proper. The evidence, however, tended to show that the board had entrusted this duty to the manager, to the extent at least of permitting him to select the individual after the necessity for hiring the servant or as- sistant had been determined upon; but no express power had been conferred upon him, and the custom of the manager was to make an oral contract of hire, without specification as to the term of the employment, with weekly or monthly wage payments. It is on the strength of this custom that the ap- pellant seeks to justify the contract in this instance, but we do not think it sufficient to authorize the holding that this contract was enforcible. Ordinarily, it is true, the con- tracts of an agent made on behalf of his principal are bind- ing between the principal and a third person when within the apparent scope of the agent's authority, but the rule is one of necessity, intended for the protection of the innocent. It has no application when the person dealing with the agent has actual knowledge of the agent's powers. Here the evi- dence convinces us that the appellant had such actual knowl- edge of Leary's authority, and for that reason we hold he is not entitled to recover.

The judgment is affirmed.

RUDKIN, C. J., CHADWICK, GOSE, MOUNT, CROW, and DUNBAR, JJ., concur.